**PACIFIC TALL SHIPS COMPANY, an Illinois Corporation, Plaintiff,**

v.

**KUEHNE & NAGEL INC., a New York Corporation; Blue Anchor Line Division of Transpac Container System Ltd., an Unknown Foreign Entity; Nacora Insurance Brokers Inc., a New Jersey Corporation; Fireman's Fund Insurance Co., a California Insurance Corporation, Defendants.**

No. 98 C 2255.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 31, 2000.

Thomas Joseph O'Donnell, Glen Ellyn, IL, Jeanne E. Gettelman, Lemont, IL, for Plaintiff.

Steven Brian Belgrade, John Andrew O'Donnell, George Mario Velcich, Michaela C. Kunc, James Kent Minnette, Belgrade & O'Donnell, Chicago, IL, Steven R. McMannon, Tribler, Orpett & Crone, Chicago, IL, Philip Gilbert Meyer, Philip G. Meyer & Associates, West Bloomfield, MI, Kenneth Thomas Garvey, Kenneth T. Garvey and Associates, Chicago, IL, Warren J. Marwedel, Omar S. Odland, Marwedel, Minichello & Reeb, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

This case demonstrates the pitfalls of a court attempting to correct the effects of bad lawyering. Because we did not limit our inquiry to arguments actually made by Plaintiff's counsel in its response to various summary judgment motions, and instead reviewed documents not referred to in the response and fleshed out possible contentions merely hinted at in Tall Ships' memoranda, we now must revisit the issues of this case.

The Pacific Tall Ships Company (Tall Ships) sued the defendants for damage to a shipment of model ships. On November 30, 1999, this Court issued an opinion denying the partial summary judgment motions of Defendants Kuehne & Nagel Inc. (K & N) and Blue Anchor Line (Blue Anchor). (R. 115.) In that opinion we concluded that Tall Ships successfully established a fact question about the enforceability of a contractual provision limiting K & N's potential liability to $50.00 because

(1) K & N faxed only the front of prior invoices to Tall Ships, even though the liability limitation appeared on the back of those invoices, and (2) K & N apparently waived enforcement of the limitation by failing to invoke it in the face of three prior claims by Tall Ships.[1] Further, we denied Blue Anchor's motion on the ground that Tall Ships had produced facts showing that K & N was acting as Blue Anchor's agent.

K & N and Blue Anchor seek reconsideration of that decision, arguing that we misconstrued the facts produced by Tall Ships. Specifically, they explain that Tall Ships received both sides of each K & N invoice for 20 prior shipments and that the three prior claims were "insurance claims" against Fireman's Fund, so that K & N's failure to invoke the liability limitation was irrelevant. Tall Ships admits these facts in its response and thus that the basis for our earlier opinion was erroneous.

■ Tall Ships' admissions puts this case on all-fours with *Capitol Converting Equipment, Inc. v. LEP Transport, Inc.*, 965 F.2d 391, 395 (7th Cir.1992) (enforcing contractual limitation of shipping agent's liability based on prior course of dealings), and *Independent Mach., Inc. v. Kuehne & Nagel, Inc.*, 867 F.Supp. 752, 764–65 (N.D.Ill.1994) (same). We conclude, therefore, that a prior course of dealings between Tall Ships and K & N imported the liability limitation into the contract at issue here, even though Tall Ships did not receive the invoice for the model ships until after their delivery (and damage).

■ Nevertheless, Tall Ships renews several of the legal arguments against enforcing the liability limitation originally furnished in its response to K & N's partial summary judgment motion. True to form, only a few of these arguments are adequately developed (or not patently frivolous). Contrary to our earlier approach, however, we address only those that are

---

1. In the same order we granted the summary judgment motions of the other defendants, Fireman's Fund Insurance Company and Nacora Insurance Brokers Inc.

fully developed and supported by relevant case law. *See Ehrhart v. Secretary of HHS*, 969 F.2d 534, 537 n. 5 (7th Cir.1992) (A court "need not devote its time to discussion of an argument raised, if at all, in a very opaque manner.") (citation omitted); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. Especially not when the brief presents a passel of other arguments.") (citation omitted). Similarly, we will not address arguments that Tall Ships did not fully develop until its supplemental reply brief that are outside the scope of K & N's response briefs; for example, Tall Ships' contention that the Harter Act bars K & N's reliance on the contract.

Tall Ships maintains that K & N was acting as a customs broker when advising it to fumigate the cargo and, thus, 19 C.F.R. § 111.44 prohibits enforcement of the liability limitation. Section 111.44 states,

A broker may not limit his liability to a client with respect to a claim by the client arising out of the wrongful or negligent action of the broker in connection with a matter handled by him as a broker. Further, no broker shall enter into a contract which purports to so limit his liability.

Contrary to K & N's position, Tall Ships did not waive this "theory" by failing to present it in the complaint because the "theory" is a response to K & N's defense against Tall Ships' breach of contract claim. In other words, Tall Ships was not required to allege a cause of action against K & N as a customs broker because K & N's potential liability as a broker arises under the contract. In any event, Tall Ships clearly signaled this theory by alleging, in the complaint, that K & N was its customs broker. (Complaint at ¶ 4.)

Section 111.44 applies to "custom brokers" engaged in "customs business," which is defined as "activities involving transactions with Customs concerning the entry and admissibility of merchandise."

19 C.F.R. § 111.1(c). K & N disingenuously asserts that its advice to Tall Ships was not "customs business" because it did not involve actual interaction with customs officials. But K & N's advice to fumigate was based on customs regulations (albeit, non-existent regulations) and certainly falls within the rubric of customs activities concerning the entry of merchandise. In short, K & N was wearing its "customs broker" hat when it erroneously advised Tall Ships to fumigate; Regulation 111.44 proscribes a customs broker's ability to contractually limit its liability.

None of Tall Ships' other arguments are availing. COGSA § 4(5) and federal common law do not prohibit K & N from limiting its liability. Initially, K & N was not the carrier of the cargo at issue here and, thus, COGSA is inapplicable. Furthermore, Tall Ships has presented no evidence that it did not have a fair opportunity to declare a higher value. K & N's terms and conditions, which Tall Ships admittedly received at least 20 times before arranging this shipment, provide that a shipper can escape the liability limitation by declaring a higher value in writing to which K & N must agree in writing. Although the record shows that on previous occasions Tall Ships availed itself of this procedure, there is no evidence that Tall Ships, in this case, attempted to declare a higher value in writing. The paperwork cited by Tall Ships pertains to insurance and customs. Tall Ships cannot escape summary judgment on that basis.

Finally, even assuming that K & N was Tall Ships' insurance broker (or agent), Tall Ships cannot establish a triable issue of K & N's liability as an insurance broker. K & N obtained the standard insurance policy for Tall Ships and there is no evidence that Tall Ships requested additional coverage in writing.

In sum, Tall Ships has produced evidence creating a genuine issue regarding the enforceability of K & N's contractual provision limiting its liability to $50 per

shipment. Although the prior course of dealings between Tall Ships and K & N establishes that the liability limitation was part of the contract at issue here, Tall Ships has adequately advanced a legal argument that the provision is unenforceable under 19 C.F.R. § 111.44.

### CONCLUSION

For the reasons stated above, we grant the motion to reconsider. (R. 119.) Additionally, having reconsidered our earlier opinion, we again deny K & N's motion for partial summary judgment. (R. 56.) The issues remaining in this lawsuit will proceed to trial on March 6, 2000. A final pretrial order, which is consistent with the prior orders of this Court, must be filed on or before February 29, 2000. A status hearing will be held in open court on March 1, 2000, at 9:30 a.m.